IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AL JEFFERSON DAVIS and
BRITTANY DAVIS,

    Plaintiffs,

v.                                CASE NO. 5:12-cv-178-RS-EMT

HABITAT FOR HUMANITY
OF BAY COUNTY, INC.,

    Defendant.
_____/

## ORDER

Before me are Defendant's Motion to Dismiss (Doc. 7) and Plaintiffs' Response (Doc. 9).

### Standard of Review

In order to overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir.

1

2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## Background

Plaintiffs were approved to purchase a home from Defendant Habitat for Humanity in 2005, and the home was completed in 2007. Plaintiffs did not accept the home because it did not suit the special needs of Plaintiff Brittany Davis, who is hemiplegic. Plaintiffs and Defendant were unable to reach a satisfactory arrangement concerning the house and on January 22, 2009, Defendant de-selected Plaintiffs as potential Habitat homeowners. Sometime before September 1, 2009, Plaintiffs filed a complaint with the Florida Commission on Human Relations ("FCHR") alleging discriminatory housing practices by Defendant. A letter from FCHR to Plaintiffs dated September 1, 2009, acknowledged receipt their complaint. On December 23, 2009, FCHR dismissed Plaintiffs' complaint. The dismissal became final 30 days after Plaintiffs received notice of it. On June 17, 2011, Plaintiffs filed their initial complaint in state court alleging discrimination pursuant to the federal Fair Housing Act. Defendant subsequently removed the case to this Court. Defendant now seeks dismissal based on both the expiration of the applicable statute of limitation and failure to state a cause of action.

## Analysis

*Statute of Limitation*

To recover for a violation of the Fair Housing Act, Plaintiff must "commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A).  However, "[t]he computation of such 2-year period shall not include any time during which an administrative proceeding under this title was pending with respect to a complaint or charge under this title based upon such discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(B).  Plaintiffs and Defendant agree that the termination of the discriminatory housing practice occurred when Plaintiffs were de-selected by Defendant to be eligible to purchase a Habitat house, and the parties further agree that the statute was tolled while Plaintiffs' complaint was pending before FCHR.  The parties disagree about when the tolling began and ended.

Viewing the complaint in the light most favorable to Plaintiffs, the complaint before FCHR originated, at the latest, on September 1, 2009.  FCHR's dismissal of the complaint became final 30 days after Plaintiffs received service of the notice of dismissal, which was purportedly mailed to Plaintiffs on December 23, 2009.  A date stamp on the notice indicates December 28, 2009, and this is the date Plaintiffs assert in their Response that they were served with the notice of dismissal.  Accordingly, the dismissal became final 30 days later on January 27, 2010.  Thus, the statute of limitations was tolled from September 1, 2009 through

January 27, 2010, a total of 149 days.  The cause of action accrued on January 22, 2009 when Plaintiffs were de-selected by Defendant and the statute of limitations expired two years plus 149 days from that date, which was June 20, 2011. Plaintiffs filed their complaint on June 17, 2011.  Accordingly, Plaintiffs complaint was timely filed pursuant to the Fair Housing Act.

## *Failure to State a Cause of Action*

Defendant contends that Plaintiffs fail to state a cause of action because the Fair Housing Act defines discrimination as "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises" and that Plaintiffs were unwilling to bear the costs of the modifications.  42 U.S.C. § 3604(f)(3)(A).  However, discrimination under the Fair Housing Act also includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B).  Plaintiffs' complaint alleges that Defendant required Plaintiff Brittany Davis to sign an affidavit stating that she would never have a non-family member reside with her in the house and that she could not sign the affidavit because of her need for 24-hour care.  Plaintiffs' complaint further alleges that Defendant refused to modify the affidavit to meet her

4

needs.  Also, Plaintiffs claim that a vocational rehabilitation engineer made specific recommendations for modifications to the building plan for the house to accommodate Brittany Davis's special needs but few of the requested changes were made by Defendant.  Accordingly, Plaintiffs' complaint includes sufficient allegations to state a cause of action pursuant to the definition of discrimination in the Fair Housing Act.

## Conclusion

Plaintiff's Second Amended Complaint was timely filed and does not fail to state a claim upon which relief can be granted.  Therefore, the case cannot be dismissed.  Habitat for Humanity's motion to dismiss the Davis's complaint is **DENIED**.

**ORDERED** on August 2, 2012.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**